THE STATE EX REL. TAYLOR, Appellant, vs. THE CITY OF SUPERIOR and another, Respondents.

*October 12 — October 30, 1900.*

*Municipal corporations: Streets: Change of grade: Determining damages: Laches of owner: Mandamus.*

1. Sec. 113 of the city charter of Superior (ch. 124, Laws of 1891) authorizes the board of public works to change the established grade of any street, but provides that the owner of abutting property may recover his damages in the manner set forth in the charter. Sec. 119 provides that *before* any established grade shall be changed the board shall determine the damages and benefits which will accrue to each parcel of real estate. Proceedings for the construction of a viaduct changing the established grade in front of the relator's

premises were instituted in July, 1899, and the work was done shortly thereafter, without any action being taken to determine his damage. He was fully cognizant of what was being done, but made no protest and no demand to have the damages determined until in March, 1900, several months after the viaduct had been completed and opened for travel. *Held* that, because of his laches, it was proper to refuse to compel the city authorities by *mandamus* to proceed to determine the damages.

2. The right to damages in such case being entirely statutory, and the charter providing a way in which they shall be ascertained, *quære* whether such remedy is not exclusive.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

The relator filed his petition for an alternative writ of *mandamus* against the city of *Superior* and its board of public works, from which we glean the following:

Relator is the owner of certain real estate in said city, on the corner of Elmira avenue and North Twenty First street. The grade of such last-named street had been permanently established in August, 1889, by the proper city authorities, and in the year 1892 it was graded and paved in front of his lots according to the grade so established. In the summer of 1899 the council of the city changed such grade, and authorized the construction of a viaduct in front of his lots, without having taken any proceeding to determine the damage to such property by reason thereof, against his consent, and without paying any compensation therefor. By reason of such change, access to the buildings on said lot is almost impossible, and the property has become greatly damaged. In March, 1900, relator demanded that the board and city council should proceed to ascertain such damage as prescribed by the charter, which demand was refused.

On June 25, 1900, an alternative writ was issued. To this the defendants made return, admitting the material facts stated in the petition, and stating that the approaches to said viaduct were built by authority of the common council; that

bids were advertised for on July 25, 1899, and shortly thereafter the job was let and the work done according to the new grade, but that no part of the cost was to be charged to adjoining property, but was to be paid for out of the general fund of the city. The return further sets out that the relator had knowledge that said viaduct and the approach thereto were to be built, and were built, without any determination of the benefits and damages having been made, and that he made no protest or request to the board of public works to act until after the work had been wholly completed and the street opened for travel. It is also alleged that he had an adequate remedy at law, if such change of grade was unlawfully made.

The relator demurred to the return as not stating facts sufficient to justify a disobedience of the alternative writ. The demurrer was overruled, and judgment dismissing the writ, with costs, was entered. The relator brings this appeal.

For the appellant the cause was submitted on the brief of *J. De La Motte* and *T. M. Thorson.* To the point that *mandamus* was the proper remedy, they cited *McCullough v. Brooklyn,* 23 Wend. 458; *State ex rel. Van Vliet v. Wilson,* 17 Wis. 694; *State ex rel. Ahrens v. Fiedler,* 43 N. J. Law, 400; *Kraft v. Madison,* 98 Wis. 256; *Apgar v. School Dist.* 34 N. J. Law, 308; *Sharp v. Mauston,* 92 Wis. 632.

For the respondents there was a brief signed by *Archie McKay* and *Geo. B. Hudnall,* and oral argument by *Mr. McKay.*

BARDEEN, J. Sec. 113, ch. 124, Laws of 1891, gives the board of public works, subject to review by the common council, authority to establish the grades of all streets of the city of *Superior,* and to change and re-establish the same as it may deem expedient, " provided that whenever it shall change or alter the permanently established grade of any street, any person sustaining damages to his property abut-

ting on such street by such change or alteration of grade shall have a right to recover such damages in the manner set forth in this chapter." This is followed by provisions fixing the duty of the board, and prescribing the manner in which it shall proceed in the case of the alteration of grades, and, among other things, that there shall be a determination of the damages and benefits which will accrue to each parcel of real estate by such change or alteration of grade.

It is admitted that no action has been taken, either by the board or common council, to determine the relator's damage or to comply with the charter provisions. It is assumed by defendants that, because the city decided to pay the expense of such change in grade out of the general fund of the city, no action by the board to determine the damage to abutting lands was necessary; the city relying upon sec. 119 of the charter as justifying that conclusion. Whether this assumption can be sustained is a matter of considerable doubt. The view we have taken of this case renders it unnecessary to decide this question.

It appears from the petition and return that the proceedings leading up to the change in the grade in front of the relator's premises were instituted in July, 1899, and that the contract for doing the work was let very soon thereafter, and the work was wholly completed a long time before the relator raised any protest or made any complaint to the city authorities. It is shown that he was fully cognizant of what was being done, and yet not until March, 1900, several months after the viaduct had been completed and opened for travel, did he make any remonstrance.

In issuing writs of *mandamus* merely in aid of a private right the courts always exercise a sound discretion and either grant or refuse it as the justice of the particular case may seem to require. *State ex rel. Continental Ins. Co. v. Doyle*, 40 Wis. 220. At all times they require those who would avail themselves of the assistance of this writ to be

The State ex rel. Taylor vs. The City of Superior and another.

prompt, vigilant, and diligent in enforcing their rights. Merrill, Mandamus, § 87. Lapse of time, loss of evidence, intervening rights of third parties, the nature of the relief demanded, and the futility of such relief if granted, are all circumstances which the courts will consider in the exercise of this discretion. It is the same principle that is invoked and applied in cases where it is sought to review municipal action by *certiorari*, a very recent and striking instance of which may be found in *State ex rel. Schintgen v. La Crosse*, 101 Wis. 208. In the case at bar the relator delayed over eight months before even entering a protest, and this while the work was going on right before his door. If it be admitted that a determination of benefits and damages is an essential fact and necessary to a recovery of damages by the relator, sec. 119 provides that such determination shall be made *before* any established grade shall be changed. Knowing this to be so, it became the relator's duty to act with promptness and at a time when the relief sought would be efficacious. Under the circumstances, the court was justified in denying relief on the ground of laches.

It is further suggested that the action of the trial court was warranted on the ground that, if the change in grade was unauthorized, the relator had his action for damages. In view of what has already been said, we do not feel called upon to decide this question. The query, however, is suggested whether, the right to damages in such case being entirely statutory, and the charter providing a way in which such damages shall be ascertained, such remedy is not exclusive. See *Dore v. Milwaukee*, 42 Wis. 108. The cases where any departure from this rule has been sanctioned are mostly cases where there has been some mistake or fraud in the assessment. See *Harrison v. Milwaukee*, 49 Wis. 247; *Kersten v. Milwaukee*, 106 Wis. 200.

*By the Court.*— The judgment of the superior court of Douglas county is affirmed.