Jorgenson and another vs. City of Superior.

---

JORGENSON and another, Appellants, vs. CITY OF SUPERIOR, Respondent.

*September 27 — October 15, 1901.*

(1, 2) *Statutes: Construction: Punctuation: Limiting words.* (3-6) *Municipal corporations: Superior city charter: Streets: Change of grade: Jurisdiction: Damages to abutting property: Remedies: Estoppel.*

1. Punctuation or the lack of it cannot be allowed to override plain rules for the construction of statutes.
2. Qualifying or limiting words or clauses in a statute are to be referred to the next preceding antecedent unless the context or the evident meaning of the enactment requires a different construction.
3. Sec. 119 of the charter of Superior (ch. 124, Laws of 1891) provides that "before any established grade shall be changed or any work shall be done on any street, in whole or in part at the expense of the abutting or adjoining real estate, the board of public works

shall view the premises and determine the damages and benefits which shall accrue to each parcel of such real estate by such change or alteration of grade." *Held,* that a view of the premises and an assessment of damages is a jurisdictional prerequisite in all cases of change of grade, whether made at the expense of the abutting owner or not.

4. The provisions of said charter that the persons damaged by a change of grade "shall have a right to recover damages in the manner set forth" therein, and that the appeal to the circuit court therein provided for shall be the only remedy of the injured *lotowner,* apply only to cases in which the city is proceeding to make a change within and according to the power conferred by the charter, and do not deprive the injured lotowner of his right to maintain an ordinary action for damages where the city has acted without authority and without starting any proceedings from which an appeal could be taken.

5. Where the charter of a city gives it power to change established grades of streets, a lotowner affected by a proposed change is not required, at the peril of losing his rights, to watch the proceedings, and, if he discover any departure from the prescribed course of conduct, instantly commence proceedings by *mandamus* or otherwise to keep the city within due bounds.

6. Where the grade of a street has been changed by a city without jurisdiction or authority, an abutting owner injured by the change is not estopped by mere silence from recovering his damages.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Reversed.*

This action was brought to recover damages to two lots owned by the plaintiffs, abutting on North Twenty-First street, in the city of *Superior,* resulting from the unauthorized change of grade of the street. The grade of the street was established in August, 1889, and in 1892 it was improved and paved at the expense of the landowners. It appears that the Eastern Railway Company of Minnesota had tracks crossing this street not far distant from plaintiffs' lots. In 1894 the city entered into an arrangement by which the railway company might build a viaduct over its tracks; the city to change the grade of Twenty-First street, and build the approaches to said viaduct, and to assume all liability

for damages growing out of the change of grade. In July, 1899, the common council adopted a resolution providing that the city should build the abutments and approaches to the viaduct, and directing the board of public works to change the grade of the street and advertise for bids and report to the council. The board thereafter changed the grade of the street so that it was elevated from curb to curb in front of plaintiffs' lots about nineteen feet above the old grade. The council approved the action of the board by a resolution adopted September, 1899. The city proceeded to build the approaches, and paid the expense from money in the hands of the city treasurer. No view of the premises was taken, and no assessment of benefits and damages was made by the board, and no compensation was ever paid plaintiffs for their damages. On the trial, evidence was offered as to the amount of plaintiffs' damages, and at the close of the testimony the court directed the jury to return a verdict for the defendant. From a judgment for defendant, plaintiffs have taken this appeal.

For the appellants there was a brief by *John Brennan*, and oral argument by *L. K. Luse*. To the point that the city having failed to assess the damages, the appellants can maintain this action and the statutory remedy is not exclusive, they cited 1 Lewis, Eminent Domain, § 206*b et seq.;* Elliott, Roads & S. (1st ed.), 349; *Goodrich v. Milwaukee,* 24 Wis. 437; *Dore v. Milwaukee,* 42 Wis. 108; *Meinzer v. Racine,* 70 Wis. 561; *Drummond v. Eau Claire,* 79 Wis. 97; *Liebermann v. Milwaukee,* 89 Wis. 336; *Pittelkow v. Milwaukee,* 94 Wis. 651; *Kersten v. Milwaukee,* 106 Wis. 200; *Harrison v. Milwaukee,* 49 Wis. 247; *Watkins v. Milwaukee,* 52 Wis. 98; *Addy v. Janesville,* 70 Wis. 401.

For the respondent there was a brief by *Arch'd McKay* and *Geo. B. Hudnall,* and oral argument by *Mr. Hudnall.* They contended, *inter alia,* that the charter having made provision for compensation where none existed at common

law, and also having provided a specific method to recover the same, other than an ordinary civil action, the remedy provided by the charter is exclusive. Sedgwick, Statutory & Const. Law (2d ed.), 343; Sutherland, Statutory Construction, § 399; Dillon, Mun. Corp. § 993; *Dore v. Milwaukee*, 42 Wis. 108; *Owens v. Milwaukee*, 47 Wis. 461; *Heiser v. New York*, 104 N. Y. 68; *Reock v. Newark*, 33 N. J. Law, 129; *Cole v. Muscatine*, 14 Iowa, 296; *White v. McKeesport*, 101 Pa. St. 394; *Perry v. Worcester*, 6 Gray, 544–546; *Flagg v. Worcester*, 13 Gray, 601–605; *Andover & M. T. Corp. v. Gould*, 6 Mass. 40; *Boston v. Shaw*, 1 Met. 130–138; *Dudley v. Mayhew*, 3 N. Y. 1, 15; *Hollister v. Hollister Bank*, 2 Keyes, 245–248; *Jordan & S. P. Co. v. Morley*, 23 N. Y. 552–554; *New York v. Lord*, 17 Wend. 284; *Dorman v. Jacksonville*, 13 Fla. 538. Where there is jurisdiction of the subject matter property owners are estopped from questioning the validity of the proceedings by standing by and permitting the work to be done without interposing any objection. Elliott, Roads & S. (1st ed.), 418, 419; *New Haven v. F. H. & W. R. Co.* 38 Conn. 422; *State v. Wertzel*, 62 Wis. 184; *Libstein v. Newark*, 24 N. J. Eq. 200–205; Herman, Estoppel, § 1221; *Strosser v. Ft. Wayne*, 100 Ind. 443. It was the duty of the plaintiff to insist that his damages be assessed in due time so that the municipality might forego the improvement if it deemed the assessment of damages unreasonable. *Curry v. Mt. Sterling*, 15 Ill. 320; *Hyde Park v. Borden*, 94 Ill. 26.

BARDEEN, J. The question arising on this appeal is whether, under the charter, the city of *Superior* has power to change the established grade of a street, when no assessment of benefits and damages is made, without liability to abutting lotowners. The theory upon which the court below acted in directing a verdict for defendant was: (1) That the city was not liable for damages, and no assessment of benefits and

damages was required, under the charter, where the change in the grade was not made at the expense of the adjacent real estate.   (2) If an assessment of benefits and damages was necessary, still this action would not lie. The plaintiffs should have proceeded seasonably by *mandamus* to compel such assessment, and, if not satisfied, have taken an appeal. (3) Plaintiffs are now estopped from questioning the validity of the proceedings.   We will consider these questions in the order stated:

1. Sec. 113, ch. 124, Laws of 1891, provides: "The board of public works shall, subject to the review of the common council, have authority to establish the grade of all the streets and alleys of the city, and to change and re-establish the same as it may deem expedient: provided that wherever it shall change or alter the permanently established grade of any street, any person sustaining damages to his property abutting on such street by such change or alteration of grade, shall have a right to recover such damages in the manner set forth in this chapter."   Sec. 119 provides: "Before any established grade shall be changed or any work shall be ordered done on any street, in whole or in part at the expense of the abutting or adjacent real estate, the board of public works shall view the premises and determine the damages and benefits which shall accrue to each parcel of such real estate by such change or alteration of grade; the entire cost of the contemplated work or improvement upon the street, the benefits and damages that will accrue to the several parcels of such real estate by such work or improvement, and the amount that should be assessed under the provisions of this chapter, to each parcel of such real estate to be benefited, as benefits accruing thereto by such contemplated work or improvements."   Subsequent sections provided for the filing of their report, the giving of notice to hear objections, a notification to the council, and action by that body if deemed advisable, and a publication of notice

when a final determination has been made. An owner of any parcel of land who feels himself aggrieved by the determination made might appeal to the circuit court. Sec. 126 provides that the appeal so given shall be the only remedy the owner of any parcel of land shall have for the redress of any grievance he may have by reason of the change of any established grade covered by said report.

It seems clear from the provisions of sec. 113 that when the permanently established grade of a street is changed, and such change results in injury to the abutting lotowner, he is entitled to damages. Counsel for the city do not seriously controvert this proposition, except that they claim this right to damages is limited by the provisions of sec. 119. Their argument is that when the city decides, as it did in this case, to make such change of grade wholly at the expense of the city, there was no necessity for an assessment of damages or benefits. They claim that that clause in sec. 119 which reads, "in whole or in part at the expense of the abutting .or adjacent real estate," refers to and modifies both disjunctive parts of the subject. They would have the section interpreted as if it read, " Before any established grade shall be changed in. whole or in part at the expense of the abutting or adjacent real estate," then the board shall view the premises and make an assessment of damages and benefits. The punctuation of the section as printed gives some little color to this contention; but punctuation or the lack of it cannot be allowed to override plain rules of construction. The rule is that qualifying or limiting words or clauses in a statute are to be referred to the next preceding antecedent, unless the context or the evident meaning of the enactment requires a different construction. Black, Interpretation of Laws, 150; *State ex rel. Holland v. Lammers*, 86 N. W. 677. There is nothing in the context or in the purpose of this section of the charter that requires a violation of the general rule of construction. The

clause quoted only relates to and modifies its immediate antecedent, and the section must be read to mean that before any established grade shall be changed the board of public works shall view the premises and make an assessment of damages and benefits, and before any work shall be ordered at the expense of the lotowner there shall also be a view of the premises, etc. Under this construction the action of the council was clearly illegal and unwarranted. The doubt expressed in *State ex rel. Taylor v. Superior*, 108 Wis. 16, as to the correctness of the construction contended for by the defendant, has become so substantial that we now have no hesitation in condemning such contention as unsound.

2. Under their second proposition, counsel for the city argue that, because sec. 113 says the lotowner "shall have a right to recover such damages *in the manner set forth in this chapter*," he can have no remedy for his injury except in accordance with subsequent charter provisions; that the charter having made provisions for compensation, and provided a specific method to recover the same, the remedy so provided is exclusive. The last proposition is unquestionably correct in a case where it is applicable. But is this such a case? The charter has mapped out a plan of action binding upon both the city and the injured lotowner. Under it the city must take the initiative in order to secure jurisdiction. It is a creature of the law. Its powers are limited to the terms of the grant, or to such as are implied therefrom and necessary to carry out the purpose of its creation. When a given course of action has been prescribed by law, that course must be followed. The charter says that, before it shall change the established grade of any street, it shall do certain prescribed things. This amounts to a prohibition against making a change in any other way. If it departs from the program laid out for it, and injury results therefrom, it is liable. This is the rule established by the follow-

ing decisions: *Crossett v. Janesville*, 28 Wis. 420; *Meinzer v. Racine*, 70 Wis. 561; *S. C.* 74 Wis. 166; *Drummond v. Eau Claire*, 79 Wis. 97; *S. C.* 85 Wis. 556.   We need not enlarge upon the discussion therein contained.  If the change is made under authority of law and with due care, the city would not be liable for consequential damages to abutting lotowners, unless made so by the statute.    *Walish v. Milwaukee*, 95 Wis. 16.   The provisions of the charter that the person injured by a change of grade "shall have a right to recover such damages in the manner set forth in this chapter," and that the appeal given shall be the only remedy of the injured lotowner "for the redress of any grievance he may have . . . by reason of the change of any established grade covered by said report," must be construed to refer to cases in which the city is proceeding to make a change within and according to the power conferred by the charter.   If the city has no power to make a change of grade until its officials have made the proper assessment of damages and benefits, it follows necessarily that, if it attempts to do so without causing such assessment to be made, it must respond in damages to the parties injured thereby.

Nor does it lie in the mouth of the city to say that the lotowner must watch its proceedings, and if he discovers a departure from the prescribed course of conduct he must instantly commence proceedings by *mandamus*, or invoke some other appropriate remedy to keep it within due bounds. That he *may* do so if he acts vigilantly may be possible, but that he *must* do so at the peril of forfeiting his legal rights is not the law.

Counsel have seized upon the query suggested in *State ex rel. Taylor v. Superior*, 108 Wis. 16, of whether, the right to damages in such a case being statutory, and the charter providing a way in which such damages shall be ascertained, such remedy is not exclusive, and now urge those considerations as a reason why this judgment should be sustained.   In

a case where either party is at liberty to take the initial step, or where the city has started properly but has neglected to do some act yet in its power to do to ascertain damages, this argument would appeal to us very strongly. See *Kersten v. Milwaukee*, 106 Wis. 200. But in the case at bar the city had no right to take a step until it had complied with the provisions of sec. 119. It had started no proceedings from which an appeal could be taken, and no opportunity was offered the plaintiffs to pursue the remedy furnished by the charter.

3. The ground upon which an estoppel is urged is that plaintiffs stood by and saw the work being done without interposing any objection. Undoubtedly there may be cases where silence or nonaction may be effectual to estop the delinquent party. Such are the cases cited in Elliott, Roads & S. (1st ed.), 419, but they are all or nearly all based upon the fact that the municipality doing the act had jurisdiction to do the act done, and was acting within the limits thereof, although informally. When the act done is without jurisdiction or authority, few if any of the cases recognize or enforce an estoppel. In this case the act of the city was wholly without authority. There are cases like *State ex rel. Taylor v. Superior*, 108 Wis. 16, where the granting of the relief sought lies in the sound discretion of the court, that the court may deny relief on the ground of laches. So, also, in cases where the adjoining property is being benefited by an improvement of a permanent character, the owner may not sit in silence and accept benefits, and then resist payment therefor because of error in the proceeding. See *State ex rel. Schintgen v. La Crosse*, 101 Wis. 208. This is not such a case, and we are not prepared to say, from the evidence presented in the record, that plaintiffs are estopped from maintaining this action.

*By the Court.*— The judgment of the superior court of Douglas county is reversed, and the cause is remanded for a new trial.