FILER & STOWELL COMPANY, Respondent, vs. CITY OF MIL-
WAUKEE, Appellant.

*April 8—May 2, 1911.*

*Municipal corporations: Streets: Change of grade: Assessment of
damages: Milwaukee city charter.*

Under the Milwaukee city charter the established grade of a street
cannot legally be changed, as to the owner of any lot affected
who does not petition for the change, without proceedings for
determining damages and benefits; and in case of a change be-
ing otherwise made the city is liable in an action for tort.
Secs. 1210*d* and 1210*e*, Stats. (Supp. 1906), do not abolish said
condition precedent to a lawful change of grade.

APPEAL from an order of the circuit court for Milwaukee
county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

Action to recover damages for an alleged unauthorized
change of grade.

Plaintiff pleaded ownership of a city lot abutting on Becher
street in the city of *Milwaukee,* Wisconsin, due establishment
of the grade of such street in 1876, improvement of the street
according to such grade long prior to 1909, change of such
grade in 1909, construction of the street in front of said lot
accordingly, to his damage in respect to said lot in the sum of
$20,000, and that such change and reconstruction was with-
out his consent or any proceedings having been had to deter-
mine the benefits or damages caused to said lot by such change
and reconstruction or compensation having been offered to
him for the injury.

The defendant demurred to the complaint for insufficiency.
It was overruled and defendant appealed.

For the appellant there was a brief by *Daniel Hoan,* city
attorney, and *Clifton Williams,* special assistant city attor-
ney, and oral argument by *Mr. Williams.*

For the respondent there was a brief by *Miller, Mack &
Fairchild,* and oral argument by *E. S. Mack.*

MARSHALL, J. The order appealed from must be affirmed. The main contention of appellant is that the charter of *Milwaukee* authorizes the municipality to change the grade of a street after such grade has been once fixed and the street improved accordingly, and reconstruct the way without making any assessment of benefits and damages to abutting lots and regardless of whether such damages exceed the benefits, so long as the change is made without charging any part of the cost to such abutting property. Counsel present an ingenious argument on this point, which we do not think advisable to review in detail.

Although the charter has been as now some forty years, it is confessed by counsel that no one has heretofore discovered that under it the municipality has the power contended for now. Practical construction for that length of time, in a situation open for construction, which is the most favorable view that can be taken of the matter for appellant, could not be violated lightly, if at all.

As we view the city charter of *Milwaukee* it provides, in unmistakable language, that, in case of a change of grade, as in this case, any abutting lotowner whose premises are injuriously affected thereby is entitled to compensation therefor. The charter provides at sec. 8, ch. VII:

"In all cases in which the grade of any street has been permanently established by ordinance since February 20, 1852, or shall hereafter be so established, and after such permanent establishment thereof, and after such street shall have been actually graded to such established grade, the grade so established has been or shall be altered by the city, the owner of any lot or parcel of land which may be affected or injured in consequence of such alteration of grade, shall be entitled to compensation therefor; . . ."

In connection with that are provisions for determining the damages and benefits and for payment of the excess of the former over the latter, save and except as to petitioners for the change, they to be regarded as having waived any claim.

As counsel for respondent contend, it was early held that the right of a lotowner circumstanced as respondent is, under the *Milwaukee* charter, is as claimed in the complaint,—that the grade cannot be legally changed without proceedings under the charter for determining the damages as well as benefits, and that in case of a change being otherwise made, the city is liable in an action for damages for a tortious wrong. *Dore v. Milwaukee,* 42 Wis. 108; *Liebermann v. Milwaukee,* 89 Wis. 336, 61 N. W. 1112. The charter in respect to the matter is the same now as when those cases were decided. What was said there has not been judicially modified in any way. Tested thereby the complaint clearly states a cause of action. It pleads ownership of the lot, original establishment of the grade of the street, improvement of the way accordingly, and change of the grade and reconstruction to plaintiff's damage without proceedings for the assessment of benefits and damages,—a clear usurpation of power.

The point is made that secs. 1210*d* and 1210*e* of the statutes (Supp. 1906) abolish the aforementioned conditions precedent to a valid change of grade and reconstruction of a street in accordance therewith. The contention is without merit. Such sections deal with void assessments,—ineffective attempts to comply with the law. Here there was no attempt whatever. The provisions of the charter in respect to making an assessment were wholly ignored.

*By the Court.*—The order is affirmed.