POMAINVILLE and another, Executors, Respondents, vs. CITY of GRAND RAPIDS, Appellant.

*May 4—May 21, 1914.*

*Municipal corporations: Widening streets: Assessment of benefits: What lands assessable: Statutes: Construction: Estoppel.*

1. Sec. 925—167, Stats. 1911, providing for assessment of benefits and damages by reason of the condemnation of land for the widening of a street, does not authorize a city to assess benefits against any land unless the owner thereof also owns some portion of the land condemned. In the phrase "the benefits which will . . . accrue to *his* lands in the vicinity of the condemned land," the insertion, in the Statutes of 1898, of the word "his," which did not appear in the original enactment (sec. 167, ch. 326, Laws of 1889—which was specifically repealed), cannot be held to have been the result of inadvertence or mistake.

2. Where, in such a case, there was an entire lack of jurisdiction on the part of a city to make any assessment against certain lands, executors of the estate owning such lands are not estopped to challenge the validity of the assessment by the fact that one of them, in his individual capacity, appeared before the board of public works and stated that he made no objection to certain assessments of benefits against his lands, none of which were taken.

APPEAL from a judgment of the circuit court for Wood county: BYRON B. PARK, Circuit Judge. *Affirmed.*

Action by the executors of the estate of Frank Pomainville, deceased, to set aside special assessments amounting to $297.39 levied against the property of said estate on account of the widening of Oak street in the defendant city. In 1912 the city began proceedings under secs. 925—154 to 925—170 of the Statutes of 1911 for the purpose of widening Oak street by condemning and taking a strip of land twenty feet in width from the property adjoining the northeasterly side of said street. None of the property so condemned and taken belonged to the estate of F. Pomainville, deceased. In making the assessment for benefits the city

assessed benefits against all of the lands of the estate of the deceased lying within 1,000 feet of the land so taken. Plaintiffs appealed from such assessment to the circuit court for Wood county, and the jury found that none of the property of the estate was benefited by the widening of Oak street. From a judgment for plaintiffs canceling the assessment the defendant appealed.

*Geo. P. Hambrecht,* attorney, and *Geo. L. Williams,* of counsel, for the appellant.

For the respondents there was a brief by *Goggins & Brazeau, W. E. Wheelan,* and *Chas. E. Briere,* and oral argument by *Theo. W. Brazeau.*

VINJE, J. The proceedings for the condemnation of the strip required for the widening of Oak street were had under sec. 925—167, Stats. 1911. Among the provisions therein contained for making the assessment are the following:

"Opposite each description of the land condemned the board shall set down in separate columns the damages sustained by the owner by reason of the taking of the land, the damages, if any, to the adjoining property of the same owner, the total damages, and in cases wherein benefits may be assessed, the benefits which will in their judgment accrue to his lands in the vicinity of the condemned land by ,reason of the condemnation in question, the excess of damages over benefits, and the excess of benefits over damages, each sum being set opposite the proper description."

Then follow provisions to the effect that no benefits shall be assessed against any lot every part of which is 1,000 feet or more distant from the nearest land condemned, and limitations upon the amount of benefits that can be assessed against lands by reason of any one condemnation proceeding, and upon the amount that can be assessed against lands lying more than 500 feet distant from the nearest land condemned by reason of any one condemnation, and a provision that the board of public works shall proceed as in case of benefits and

damages on account of public improvements, "giving like notices and opportunities for correction and reporting the assessment to the council in like manner." It is the claim of the city that the word "his" in the phrase "the benefits which will in their judgment accrue to his lands in the vicinity of the condemned land by reason of the condemnation in question," was inadvertently inserted by the revisers of the Statutes of 1898, since it is not contained in ch. 326, Laws of 1889, which was the original enactment of the law, and which is identical with sec. 925—167 except for the insertion of the word "his," referred to; that it must have been inserted by mistake, because they fail to mention the change in their notes to their proposed bill or indicate it by brackets, as was their custom. The statute, it is claimed, should therefore be read as if the word "his" were not there, and as so read it authorized the city to assess benefits against lands represented by the plaintiffs lying within the 1,000-feet zone, even though none of such lands were condemned. The plaintiffs maintain that the statute means the same with the word "his" omitted, and that the revisers by inserting it only made more clear what was already intended, and therefore did not note a mere verbal change which did not affect the meaning. It is not necessary to express any opinion upon the correctness of plaintiffs' claim, for it is evident from the history of the enactment of sec. 925—167 that the section as it now reads stands with the same force and effect as if it were an original act.

In the bill proposed by the revisers to the legislature of 1897 the word "his" occurs. The section was not amended by the legislative committee appointed to examine and suggest amendments to the proposed bill of the revisers. The section as it stands was before the legislature when it was adopted, and we cannot say that any word therein was there by mistake. Ch. 326, Laws of 1889, was specifically repealed by sec. 4978, Stats. 1898, so sec. 925—167 stands as a

substituted statute.    There were good reasons for inserting the word "his" in the statute.    The section in which it occurs relates to condemnation of land and deals exclusively with an accounting between the city and the owner of the land condemned growing out of the condemnation.    It speaks of damages and of damages and benefits and provides for offsetting the one against the other.    It nowhere speaks of benefits alone which cannot be offset by damages.    As the statute now reads, it conforms to similar statutes relating to the condemnation of lands for railroads, sec. 1848, Stats. 1913, and to condemnation for highways, sec. 1271, Stats. 1913, where special benefits accruing to the owner of the land condemned may be offset against damages.    See *Washburn v. M. & L. W. R. Co.* 59 Wis. 364, 18 N. W. 328.    It is not a statute relating to public improvements where benefits may be assessed in the absence of any taking of land or of damages.

It follows that the city was without jurisdiction to assess any benefits against the land in question and that the circuit court properly entered judgment canceling the assessment.

Since there was an entire lack of jurisdiction on the part of the city to make any assessment at all against the lands, its claim that the plaintiffs are estopped to challenge the validity of the assessment because one of them appeared before the board of public works and stated that he made no objection to certain assessments of benefits against his lands, none of which were taken, cannot be maintained.    *Jorgenson v. Superior,* 111 Wis. 561, 569, 87 N. W. 565.    Moreover, when he appeared before the board of public works he appeared in his individual capacity and not as an executor.

*By the Court.*—Judgment affirmed.