GERGEN and wife, Appellants, vs. CITY OF WEST ALLIS, Respondent.

*November 7—December 3, 1929.*

*George A. Affeldt* of Milwaukee, for the appellants.

*Laurence C. Gram,* city attorney of West Allis, for the respondent.

FOWLER, J.   The learned circuit judge sustained the demurrer because, as he understood the law, an action for damages does not lie for changing the grade of a street except for a change of grade previously established by action of the council, and the complaint contained no allegation of such previous establishment of the street grade.

Sec. 62.16 (4) (a), applicable to cities of the fourth class, provides that no street shall be improved where the expense exceeds $500 except upon vote of two thirds of all members of the council unless the owners of one half of the frontage

petition therefor. The grading was a street improvement. Sec. 62.16 (1). Here there was neither vote of the council nor petition. There was therefore no legal authorization of the work.

This court early adopted the rule that where a petition of lotowners was required by statute for grading a street, grading done without such petition was unlawful and entitled the adjacent lotowner to recover all consequential damages. *Crossett v. Janesville,* 28 Wis. 420. The statute there involved provided that "no street should be graded without a recommendation in writing signed by a majority of the resident abutting owners." The grade of the street involved had been previously fixed and the work involved a change of grade, but the court held that a change of grade as well as grading where no grade had been previously established fell within the statute. This case has been followed in many others. *Drummond v. Eau Claire,* 79 Wis. 97, 48 N. W. 244; *Jorgenson v. Superior,* 111 Wis. 561, 87 N. W. 565; *Haubner v. Milwaukee,* 124 Wis. 153, 101 N. W. 930, 102 N. W. 578. In these cases a change of a grade previously established was involved, but the proceedings were held void and action for damages tenable because the grading was done, as here, without complying with the statutory proceedings prescribed as precedent thereto. There is no difference in principle between grading in the first instance without taking the statutory procedure prescribed as precedent, and regrading without taking such proceedings.

It is suggested in respondent's brief that the reassessment statutes were enacted to do away with the action for damages. They were passed to defeat such action where the first assessment was void for failure to comply with statutory requirements. *Dahlman v. Milwaukee,* 131 Wis. 427, 110 N. W. 479, 111 N. W. 675. But these statutes apply only where there was an attempt in the first instance to assess damages and benefits. It is so held in *Filer & Stowell Co.*

*v. Milwaukee,* 146 Wis. 221, 135 N. W. 345. There was no such attempt here.

The complaint was good in any event for alleging destruction of lateral support. Destruction of such support so that abutting land falls into the street is a taking of land without compensation and constitutes a cause of action. *Dahlman v. Milwaukee, supra; Damkoehler v. Milwaukee,* 124 Wis. 144, 101 N. W. 706. In the *Damkoehler Case* a strip of land lay between the street and plaintiff's land, but Dahlman was an abutting owner.

*By the Court.*—The order is reversed, and the cause remanded with directions to overrule the demurrer.