EXTROM, Appellant, vs. CITY OF TOMAHAWK, Respondent.*

*June 6—June 30, 1950.*

---

* Motion for rehearing denied, with $25 costs, on September 6, 1950.

*Frank E. Hebert* of Tomahawk, for the appellant.
*Charles F. Jensen* of Tomahawk, for the respondent.

HUGHES, J. Appellant contends that the city is without jurisdiction to levy a special assessment because the work had been done before any attempted assessment was made.

We are of the opinion that this question has been answered adversely to appellant in *Bekkedal v. Viroqua* (1924), 183 Wis. 176, 197, 198, 196 N. W. 879, 197 N. W. 707. In that case it was held the tax was invalid because the provisions of ch. 62, Stats., required that the grade of the street be established before work was commenced or assessments levied. The court there said:

"Upon the appeal from the special assessment the property owner is entitled to a judicial trial upon the question of whether or not the amount of the special assessment levied against his property exceeds the benefits to the property. If the amount of the special assessment exceeds the amount of the benefits there is a taking of private property without due process of law. The court must determine upon the trial whether or not there has been such an impairment of the property owner's constitutional rights, as the determination of that question is purely a judicial act, and the court cannot be concluded by the determination of the assessment board. The assessment of benefits is not a mere apportionment of the total cost of the work among the abutting property owners. We shall attempt to lay down no rule in this case, but one test often applied is, Is the difference between the fair market value of the property after the improvement is made and the fair market value of the property prior to the making of the improvement equal to or greater than the amount of the assessment? See 2 Page & Jones, Taxation by Assessment, sec. 653 and cases cited.

"If the cost of the improvement exceeds the amount of the benefits such excess cost must be borne by general taxation.

It cannot be imposed upon the property owner in the form of a special assessment. As already indicated, the reassessment confirmed by the judgment appealed from must be set aside. Under the provisions of sec. 75.56 it will then become the duty of the common council to establish the grade of the street and thereafter to make a new assessment in accordance with the provisions of law. This may be done even though the work has been completed. The statute so provides."

Appellant relies upon *Gergen v. West Allis* (1929), 200 Wis. 230, 232, 228 N. W. 117, where in a suit by a property owner for damages caused by the regrading of a street and removing lateral support, this court held that where no authority to regrade preceded the work the city was liable for damages to abutting property owners. The court said:

"It is suggested in respondent's brief that the reassessment statutes were enacted to do away with the action for damages. They were passed to defeat such action where the first assessment was void for failure to comply with statutory requirements. *Dahlman v. Milwaukee,* 131 Wis. 427, 110 N. W. 479, 111 N. W. 675. But these statutes apply only where there was an attempt in the first instance to assess damages and benefits. It is so held in *Filer & Stowell Co. v. Milwaukee,* 146 Wis. 221, 131 N. W. 345. There was no such attempt here."

These cases must be viewed in the light of the amendment of the reassessment laws by ch. 149, Laws of 1941:

"Subsection (1) of section 75.53 of the statutes is amended to read:

"(75.53) (1)    If, in any action now pending or hereafter brought to set aside or vacate any special assessment made by the proper authorities of any city against property for opening, widening, or extending any street or alley or part thereof, or for grading, graveling, macadamizing, paving, or repaving any street or alley or part thereof, or making any other improvement thereof, or for constructing any sewer in any city, or to set aside or vacate any special assessment certificate, tax sale, or tax-sale certificate based upon such special assessment, *or in any appeal now pending or hereafter made*

*from any such special assessment,* the court shall be of the opinion, after a hearing in that behalf had, that such assessment is invalid by reason of a defective or void assessment of benefits and damages, *or that such assessment for opening, widening, or extending any street or alley or part thereof, or for completing the same, by any city under the provisions of any law, is invalid by reason of any failure to observe any provision of law prior to such assessment as to the taking or acquisition of any land for such purpose, or otherwise, and such land has been taken or acquired by the city,* it shall stay all proceedings in such action until *the cause of the invalidity is corrected and* a new assessment . . . is had in the manner hereinafter mentioned. Thereupon the proper authorities shall proceed *to correct the cause of the invalidity and* to make a new assessment of benefits and damages against the property in the assessment district or to form a new district and make a new assessment therein, as the case may require, in like manner as required by law in the case of such original assessment, and such plaintiff shall have the same right to appeal from such new assessment as he or his grantors would have had to appeal from such original assessment."

It will thus be seen that before the amendment the statute provided only for the correction of invalid assessments. As it now stands, it has been broadened to include the correction of any failure to observe any provision of law whatever. The reassessment statute provides for crediting of damages to the property owner as well as assessment of benefits to his property.

It may well be that a property owner by appropriate action timely taken can compel the municipality to proceed in accordance with the legislative requirements established in ch. 62, Stats. It is clear that if he takes no action he cannot use the failure of the city to so comply to avoid his just share of the expense of installation of the improvement.

The legislature may remove any restriction which it imposes. The procedural steps required by the provisions of ch. 62, Stats., if not taken, are waived by the reassessment

statutes, secs. 75.56 and 75.57. So long as the property owner is protected against anything but a levy which does not exceed the amount of net benefits to his property, his rights are not impaired.

*By the Court.*—Orders affirmed.

* Motion for rehearing denied, without costs, on September 6, 1950.