FULLER, Respondent, vs. SPIEKER, Sheriff, Appellant.

*January 5—February 2, 1954.*

For the appellant there was a brief and oral argument by *Edward A. Krenzke,* district attorney of Racine county.

For the respondent there was a ·brief by *Knoblock & Konnak,* and oral argument by *Richard Harvey, Jr.,* and *Harold A. Konnak,* all of Racine. ·

MARTIN, J. Sec. VIII (e) of the civil-service ordinance of Racine county provides:

"The sheriff may in his discretion grant any deputy sheriff temporary leave of absence without pay upon the request

of such deputy; and any deputy desiring to become a candidate for political office shall be entitled to a temporary leave of absence upon request; such temporary leave of absence, without pay, not to exceed sixty days."

Paragraph Fifth of the petition for writ of mandamus states:

"Fifth: That your petitioner thereafter continued to act as a sergeant in the sheriff's department until January 1, 1951, when he requested of the then sheriff of Racine county, Walter A. Becker, a leave of absence from the duties of deputy sheriff in order to accept the appointment of undersheriff which had been offered him by said Sheriff Becker; that your affiant was granted a leave of absence by said Sheriff Becker. . . ."

In the return to the alternative writ, defendant alleges:

"That the leave requested by petitioner Nile Fuller and sought to be granted by former sheriff, Walter A. Becker, was in excess of the time limitations set forth in section VIII (e) and not in conformity with the purposes therein set forth, and was, therefore, unauthorized and void."

The question, therefore, is whether under sec. VIII (e) of the ordinance the sheriff may grant to a deputy sheriff a temporary leave of absence for more than sixty days.

A statute must be construed to determine the intent of the legislature from a general view of the whole act, with reference to the subject matter to which it applies, and effect is to be given, if possible, to every word, clause, and sentence. *Walter W. Oeflein, Inc., v. State* (1922), 177 Wis. 394, 188 N. W. 633; *State v. Columbian Nat. Life Ins. Co.* (1910), 141 Wis. 557, 124 N. W. 502.

This section of the ordinance is divided into three clauses separated by semicolons. The first clause makes the granting of a temporary leave to a deputy sheriff discretionary. The second clause makes the granting of the leave mandatory

where a deputy desires to become a candidate for political office. Defendant contends that the third clause "such temporary leave of absence, without pay, not to exceed sixty days" applies to both the discretionary and the mandatory leaves.

We cannot agree. It would be poor legislation to place a sixty-day time limit upon a discretionary leave since such leave could be granted for any reason the sheriff deemed sufficient and its duration would depend entirely upon the peculiar purposes for which it was desired. As set out above, petitioner alleged that his leave was requested "in order to accept the appointment of undersheriff," and defendant does not deny that it was. Would it not be ridiculous to require that such a leave must be renewed every sixty days during the entire period of the deputy's service as undersheriff? One can conceive of many reasons for which a leave could properly be granted under the discretionary authority of the sheriff, which would require a longer time than sixty days,—reasons which the county board intended to accommodate.

On the other hand, it would be just as poor legislation to put no time limit on a mandatory leave, particularly one granted for the specific purpose of allowing the deputy to run for political office.

The first clause of the section is a complete statement. It empowers the sheriff to grant a deputy temporary leave; such leave shall be without pay; it must be requested; it may be given for any reason the sheriff considers sufficient. The second clause is also grammatically complete. It requires the sheriff to grant a temporary leave where the purpose is that of running for political office. But it is incomplete in effecting the intent of the county board without the modifying last clause. It is only in applying the third clause to the second that the obviously necessary words "without pay" are supplied, as well as the limitation of sixty days.

"The rule is that qualifying or limiting words or clauses in a statute are to be referred to the next preceding antecedent, unless the context or the evident meaning of the enactment requires a different construction." *Jorgenson v. Superior* (1901), 111 Wis. 561, 566, 87 N. W. 565.

We hold that the language of the ordinance, "The sheriff may in his discretion grant any deputy sheriff temporary leave of absence without pay upon the request of such deputy," authorizes the sheriff to grant such leave for whatever period of time shall appear to him to be reasonable under the circumstances.

In obtaining his leave of absence petitioner preserved his civil-service status under said ordinance during the time he served as undersheriff, and thus sec. 59.21 (1), Stats., as amended by ch. 15, Laws of 1951, made it compulsory upon the sheriff to reinstate him as deputy sheriff upon petitioner's application.

*By the Court.*—Judgment affirmed.