MARLENE A. CUMMINGS, Secretary Department of Regulation Licensing
You request my opinion on several questions involving the proper construction to be given section 163.90, Stats., in determining the type of organization eligible to obtain a raffle license under chapter 163.
You first ask the following:
 In order to be qualified for a license to conduct raffles, an organization must be a "local religious, charitable, service, fraternal or veterans organization or any organization to which contributions are deductible for federal or state income tax purposes . . . ." [sic] Is the phrase "or any organization to which contributions are deductible for federal or state income tax purposes" to be construed disjunctively so as to create a separate class of qualified organizations to which the antecedent qualifying word "local" does not apply?
I conclude the word "local" applies to both descriptive phrases in the statute. Therefore, organizations to which contributions are deductible for federal or state income tax purposes must also qualify as local organizations in order to be eligible for licensure.
The problem giving rise to your question lies in the placement of the qualifying word "local" combined with the use of the disjunctive "or" connecting the two phrases which describe the potentially eligible types of organizations. The combination of these two factors creates an internal ambiguity, the resolution of which requires analysis utilizing principles of statutory construction, including intrinsic and extrinsic aids and discussion of the legislative intent of this statute.
The particular portion of the statute under discussion is ambiguous because reasonable persons could, in construing it, reach two *Page 116 
different conclusions. It could be reasonably argued that since the qualifier "local" precedes only the five enumerated types of organizations which are then disjunctively separated from the tax-exempt organizations, two separate classes are created and tax-exempt organizations, need not, therefore, be local in nature. It could also reasonably be argued that the word "or" is simply used as a grammatical bridge to connect the last in a series or list of types of organizations potentially eligible for licensure and the qualifying word "local" modifies all types including the tax exempts.
When the language of a statute is ambiguous, it becomes both necessary and permissible to look at the intent of the Legislature as that may be ascertained by the use of various construction aids, both extrinsic and intrinsic. See Tahtinen v.MSI Ins. Co., 122 Wis.2d 158, 166, 361 N.W.2d 673 (1985).
Regarding the use of the qualifying word "local," it is stated that:
 Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent . . . . The rule is another aid to discovery of intent or meaning and is not inflexible and uniformly binding. Where the sense of the entire act requires that a qualifying word or phrase apply to several preceding or even succeeding sections, the word or phrase will not be restricted to its immediate antecedent (emphasis supplied).
(Footnotes and cites omitted.) Sutherland Stat Const § 47.33 (4th Ed, 1984 rev). See also Jorgenson and another v. City ofSuperior, 111 Wis. 561, 566, 87 N.W. 565 (1901); accord Fuller v.Spieker, 265 Wis. 601, 605, 62 N.W.2d 713 (1954).
When the word "or" is used, it appears to be commonly thought of in its disjunctive sense in that it is most often used to separate different classes of things, classes or types of conduct and the like. However, as was seen with the discussion of the qualifying word, "local," such is not always the case and at times the word "or" is interpreted or construed to be the equivalent of or interchangeable with the word "and." AS stated in Sutherland:
 While there may be circumstances which call for an interpretation of the words "and" and "or," ordinarily these words are not interchangeable. Because a list exists [as we are faced with in section 163.90], the "or" between subsections (3) and (4) make it *Page 117 
necessary to read "or" as a disjunctive. There has been, however, so great laxity in the use of these terms that courts have generally said that the words are interchangeable and that one may be substituted for the other, if consistent with the legislative intent.
Sutherland, Id., § 21.14 (4th Ed, 1986 rev) (emphasis supplied).
Our appellate courts have adopted and followed this same reasoning from as early as 1915. The supreme court held that "`[o]r' is usually disjunctive; occasionally, to avoid absurdity, it is construed as a conjunctive and equivalent to `and,' . . . ." Menominee River B. Co. v. Augustus Spies L. C.Co., 147 Wis. 559, 569, 132 N.W. 1118 (1912). The court went on to state that:
 The popular use of "or" and "and" is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context . . . . 2 Lewis's Sutherland, Stat. Constr. § 397.
State ex rel. Rich v. Steiner, 160 Wis. 175, 177-78, 151 N.W. 256
(1915). Rich was subsequently followed and cited with approval inState ex rel. Wisconsin D. M. Co. v. Circuit Court, 176 Wis. 198,204, 186 N.W. 732 (1922), and City of Hartford v. Godfrey,92 Wis.2d 815, 820, 286 N.W.2d 10 (Ct.App. 1979).
Finally, it appears that when the statute under consideration was created, the Legislature intended that only organizations which are truly local in character and nature would be eligible to hold raffle licenses. The language used by the Legislature in section 163.90 was taken from a portion of the constitutional amendment to Wis. Const. art. IV, § 24, which modified Wisconsin's historic strict constitutional prohibition against lotteries.
Additional support for this limited construction is specifically provided by the language of the constitutional provision itself which requires that "[a]ll profits must inure to the licensed local organization . . . . " Wis. Const. art. IV, § 24 (2). This language appears in the same subsection which provides that local "religious, charitable, service, fraternal or veterans organizations or those to which contributions are deductible for federal or state income tax purposes" may operate raffles under license from the state. *Page 118 
In addition, the drafting records pertaining to 1977 Assembly Bill 860 which, among other things, created section 163.90 by virtue of enactment of ch. 426, sec. 9, Laws of 1977, effective June 7, 1978, indicate that the word "local" was not even contained in the first draft of the language. "Local" was added to the legislation by the express special request of State Representative Steve Gunderson, the author of 1977 Assembly Bill 860, because Representative Gunderson did not "want statewide or national organizations to be able to hold raffles or receive profits from them." Representative Gunderson also stated that the local limits which he desired injected in the legislation were to ensure that raffles would be allowable only for small local organizations.
What clearly emerges from this discussion is that the Legislature intended in its enactment of the enabling legislation, following the amendment of the state constitution to allow raffles, that only those organizations which are local should be eligible to be licensed to conduct raffles. Therefore, I conclude that the statute under consideration must be construed so that the word "local" modifies and applies to all the described types of organizations, including tax-exempt organizations, and that connecting word "or" is to be construed as a bridging word connecting the tax-exempt organizations as the last in a list of eligible organizations and is to be read, therefore, conjunctively.
I, therefore, conclude that in order to be eligible to obtain a raffle license pursuant to chapter 163 an organization, regardless of whether or not it is tax exempt, must be a local organization as that has been defined and explained in OAG 13-86 issued on May 7, 1986, to your predecessor.
You desired answers to your next three questions only if I reached the opposite conclusion above. Therefore, those questions need not be addressed.
Your fifth question asks whether a tax-exempt organization under I.R.C. 501 (c)(3) (1986), which has obtained a raffle license from the state and subsequently loses its tax-exempt status, continues to be eligible for a raffle license despite the loss of that status. If the organization was and is a local organization as that term has been defined for you, then, assuming it meets the other eligibility requirements, the organization would continue to be eligible for a raffle license regardless of whether or not it was tax exempt. If the *Page 119 
organization under consideration is not local, it is then not an eligible organization under section 163.90 and may not be issued a raffle license whether or not it was tax exempt.
If the organization was a local tax-exempt organization at the time of licensure, but does not fall into one of the five specifically described types of local organizations eligible to be licensed, and subsequently loses it tax-exempt status, I conclude that such organization is no longer eligible to be licensed to conduct raffles. Your question then concerns what results flow from this loss of eligibility before the existing license term expires.
It appears in general that licenses may be revoked for any reason that would have justified a refusal to issue the license in the first place. See 53 C.J.S. Licenses § 44 (1948);Butcher v. Maybury, 8 F.2d 155 (D.C. Wash. 1925); Mahaney v.Cisco, 248 S.W. 420 (Tex.Civ.App. 1922), reh'g denied,248 S.W. 420 (Tex.Civ.App. 1923). It is obvious that if an organization applying for a license does not meet the eligibility requirements of section 163.90, then a refusal to issue that license not only would have been justified but would have been required. Therefore, it appears that the Bingo Control Board and your department have, pursuant to sections 163.04 and 163.05, the authority to revoke such a license following notice and hearing to the licensee. In addition, I note that there is contained in chapter 163 no so-called "grandfather clause" providing for such a contingency or event and containing any provisions allowing the licensee to continue to operate under the license once it becomes ineligible and no longer meets the requirements contained in section 163.90.
Therefore, while the revocation of a license is generally considered to be within the discretionary power of the revoking authorities, see 53 C.J.S. Licenses § 44 (1948), to allow a licensee who is clearly no longer eligible to be a licensee to continue to conduct raffles under these circumstances would appear to be unwise.
DJH *Page 120