WISCONSIN STATE COUNSEL, KNIGHTS OF COLUMBUS, Petitioner-Respondent,

v.

STATE of Wisconsin BINGO CONTROL BOARD, Appellant.

Court of Appeals

*No. 88-1536. Submitted on briefs March 8, 1989.—Decided June 15, 1989.*

(Also reported in 444 N.W.2d 447.)

405

For the appellant the cause was submitted on the briefs of *Donald J. Hanaway,* attorney general, and *Alan Lee,* assistant attorney general.

For the petitioner-respondent the cause was submitted on the brief of *Joseph J. Esser* and *Esser, Dieterich & Stevens,* of Menomonee Falls.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J.   The Wisconsin Bingo Control Board appeals from a judgment reversing the board's decision to deny the application of Wisconsin State Council Knights of Columbus for a raffle license under sec. 163.90, Stats. We conclude the board correctly held that because the council is a statewide organization, it does not meet the statutory qualifications to hold a raffle license, even though the council is an organization to which contributions are deductible for federal or state income tax purposes. We therefore reverse and remand with directions to affirm the board's decision.

On October 9, 1986 the council applied for a license to conduct a raffle. The department of regulation and licensing denied the application. Section 163.95, Stats., authorizes an applicant who has been denied a raffle license to demand a hearing before the board on the applicant's qualifications and the merit of the application. The board is directed by sec. 163.04(1) to hear appeals on denial of licenses by the department.

Following a hearing, the board found that the council is "a statewide organization which engages in its primary activities on a statewide basis . . . [and] is not limited in its activities to a specific geographic area within the state which is less than statewide." These findings are uncontested. The parties stipulated that the council is a fraternal organization to which contribu-

tions are deductible for federal and state income tax purposes.

On these facts, the council's eligibility for a raffle license turns on the meaning of sec. 163.90, Stats., which provides:

> Any *local* religious, charitable, service, fraternal or veterans organization *or* any organization to which contributions are deductible for federal or state income tax purposes, which has been in existence for one year immediately preceding its application for a license or which is chartered by a state or national organization which has been in existence for at least 3 years, may conduct a raffle upon receiving a license for the raffle event from the board. No other person may conduct a raffle in this state. [Emphasis added.]

Relying in part on a prior opinion by the attorney general, 75 Op. Att'y Gen. 273 (1986), the board ruled that "local," as used in sec. 163.90, Stats., refers to a status which is less than statewide. The board held that the statutory phrase "or any organization to which contributions are deductible for federal or state income tax purposes" does not create a second category of nonlocal qualified organizations. Since the council is a statewide organization, the board concluded it does not qualify for a raffle license.

The circuit court concluded that whether "local" applies to the phrase "any organization to which contributions are deductible for federal or state income tax purposes" was not entirely clear. The court reasoned, however, that the statute creates two categories of organizations which qualify for raffle licenses, and that the council qualified as an organization to which contributions are deductible for tax purposes. It therefore reversed the decision of the board.

A statute is ambiguous if reasonable persons could disagree as to its meaning. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 313 N.W.2d 47, 51–52 (1981). Whether reasonable persons could disagree is itself a question of law. *St. John Vianney Sch. v. Janesville Ed. Bd.,* 114 Wis. 2d 140, 150, 336 N.W.2d 387, 391 (Ct. App. 1983). Reasonable persons can read the modifier "local" in sec. 163.90, Stats., to apply only to the first category of organizations ("religious, charitable, service, fraternal or veterans organization") or to the second category as well ("any organization to which contributions are deductible for federal or state income tax purposes"). For that reason, we conclude that the statute is ambiguous.

Because the meaning of a statute is a question of law, we are not bound by the opinion of the board or the circuit court. *County of Milwaukee v. LIRC,* 142 Wis. 2d 307, 310, 418 N.W.2d 35, 37 (Ct. App. 1987). We generally defer to the reasonable interpretation of the agency charged with the administration of an ambiguous statute. *Milwaukee v. Lindner,* 98 Wis. 2d 624, 633–34, 297 N.W.2d 828, 833 (1980). Although we look to the legislative history of an ambiguous statute for assistance in determining the legislative intent, *Wirth v. Ehly,* 93 Wis. 2d 433, 441–42, 287 N.W.2d 140, 144–45 (1980), that history of sec. 163.90, Stats., is not helpful.[1]

However, because the language of sec. 163.90, Stats., is almost identical to that of Wis. Const. art. IV, sec. 24(4), the history of the constitutional provision is perti-

[1]An opinion by the attorney general, 76 Op. Att'y Gen. 115, 118 (1987), purports to describe the legislative history of sec. 163.90, Stats. The attorney general was actually referring to the history of Wis. Const. art. IV, sec. 24(4).

nent. We are, in effect, construing the constitution, a task solely for the courts, and we therefore give no deference to the agency's interpretation.

Section 163.90, Stats., implemented[2] Wis. Const. art. IV, sec. 24(4), which provides in relevant part:

> The legislature may authorize the following raffle games licensed by the state, but all profits shall accrue to the licensed local organization and no salaries, fees or profits may be paid to any other organization or person: raffle games operated by local religious, charitable, service, fraternal or veterans' organizations or those to which contributions are deductible for federal or state income tax purposes.

The history of Wis. Const. art. IV, sec. 24(4), establishes that the word "local" was inserted in that provision to prevent statewide organizations from holding raffles. Section 24(4) originated as 1975 Assembly Joint Resolution 43, which was introduced by Representative Steve Gunderson and others. The word "local" did not appear in the first draft of Assembly Joint Resolution 43. The drafting records of sec. 24(4) show that Representative Gunderson asked that an amendment be drafted to add the word "local" where it now appears. The drafting request states that Representative Gunderson did "not want statewide or national organizations to be able to hold raffles or receive profits from them." The word "local" was then added by Assembly Substitute Amendment I to 1975 Assembly Joint Resolution 43,

[2]Wisconsin Const. art. IV, sec. 24(4), was approved by Wisconsin voters on April 5, 1977. The next day, Representative Steve Gunderson submitted a drafting request for a "raffle control act" to implement the constitutional amendment. The resulting bill, 1977 Assembly Bill 860, created sec. 163.90, Stats., by virtue of its enactment as sec. 9, ch. 426, Laws of 1977.

and became part of sec. 24(4) pursuant to 1977 Joint Resolution 6, as approved by the electorate in April 1977.

We conclude from the history of Wis. Const. art. IV, sec. 24(4), that the word "local" in the implementing legislation, sec. 163.90, Stats., applies to all organizations described in the statute, including tax-exempt organizations. For that reason, we reverse the judgment of the circuit court and remand with directions to affirm the decision of the board.

*By the Court.*—Judgment reversed and cause remanded with directions.