## JACOB EBERHARDT v. B. G. WOOD.

1. BANKRUPT. *Discharge. Appeal before discharge.* A discharge after appeal will not be noticed in supreme court, but the bankrupt is not prejudiced thereby, as he may set it up in another mode.

2. SAME. *Surety. Fiduciary debt. Contribution.* Suretyship upon an administration bond is not a fiduciary obligation within the bankrupt act, and is dischargeable in bankruptcy, and a co-surety who afterwards pays, cannot compel contribution.

3. SAME. *Bankrupt proceedings. Debt omitted. Fraud.* A bankrupt proceeding is in the nature of a proceeding *in rem*, and when the general notice is given, and the court acquires jurisdiction of the subject-matter, the discharge will be effective as to debts not included in the list of liabilities, and if the omission be fraudulent, the remedy is in the bankrupt court.

Eberhardt v. Wood.

4. Same.  *What claim provable.*  Where the default of the principal oc-
    curs before the bankruptcy of the surety, and the co-surety pays after
    the bankruptcy, the claim is provable and the bankrupt is discharged.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville.
W. F. COOPER, Ch.

SMITH & ALLISON for complainant.

WILKIN & CHAMBERLIN for defendant.

MCFARLAND, J., delivered the opinion of the court.

This is a motion by a surety against a co-surety,
to which is pleaded a discharge in bankruptcy.

The facts are as follows: In the year 1860 the
plaintiff and defendant became sureties of Elizabeth
Earhart on her bond as administratrix of her hus-
band's estate.  Mrs. Earhart was removed, and O. F.
Noel appointed administrator *de bonis non* in her place,
who, in 1861, filed his bill against Mrs. Earhart and
her said sureties, and on the 21st of December, 1870,
obtained a decree holding them liable for the personal
estate which came or should have come to the hands
of Mrs. Earhart, the amount of which was ordered to
be ascertained by an account.

An appeal was prayed and granted to the supreme
court, where the decree was affirmed, and on January
—, 1874, a final decree rendered in favor of Noel,
against all the defendants, for $1,362.25 and costs.

The plaintiff Eberhardt's property was sold in satisfaction of this decree, whereupon, on the 5th December, 1875, he made this motion, the principal, Mrs. Earhart, being insolvent. The discharge in bankruptcy, relied upon by defendant, is dated 15th September, 1871, and discharged him from all debts and claims (except such as are excepted by the bankrupt law) which existed on the 22d April, 1871, the day his petition was filed. Under our decision, the fact that the final decree against the defendants was subsequent to his discharge, does not prejudice him, as this court takes no notice of such discharge, obtained after the judgment below, but leaves the party to set up the defense in some other mode.

To this defense the plaintiff sets up three answers: 1. That the claim is excepted from the operation of the discharge by the 33d section of the bankrupt law. 2. That the discharge is not effectual against the plaintiff's claim, because the defendant did not include it in the list of liabilities in the bankrupt proceeding, so that the plaintiff could have had notice. 3. That the claim was not provable under the bankrupt proceedings, and therefore not discharged.

As to the first of these questions, we think there is no difficulty. The 33d section of the bankrupt law excepts debts created while acting in a fiduciary capacity, and further provides that the discharge of a bankrupt shall not release any one bound as his surety on such a debt; but there is no provision that the *discharge* of the *surety on such debt* shall not release him. He is not acting in a fiduciary capacity,

and the debt, as to him, is of no higher obligation than any other, and his discharge will release him. This was directly decided in *Bowie* v. *Pucket*, under the act of 1841, 7 Hum., 169, and we do not see that the bankrupt acts of 1841 and 1867 differ in this respect.

As to the second question, while there is a contrariety of decisions upon the subject, we have held that a bankrupt proceeding is in the nature of a proceeding *in rem*, and where the general notice is given, and the court acquires jurisdiction of the subject-matter, the discharge will be effectual even as to creditors whose claims were not included in the list of liabilities. If such omission was fraudulent, the creditor would have his remedy under the bankrupt law to proceed in the mode there pointed out to have the discharge set aside for fraud. We are not advised of any decision of this question by the Supreme Court of the United States, and are therefore content to follow our own decisions.

But the third question is one of some doubt and difficulty, and that is, whether the claim was provable under the bankrupt proceedings. That is, the claim of one surety against his co-surety, where the obligation is executed and the default has occurred prior to the bankruptcy, but final judgment rendered and payment made subsequently. The authorities are conflicting, but we think the weight of reason, as well as authority, is in favor of the conclusion of the chancellor, that the claim was provable, and therefore the discharge was effectual.

Upon this question we .refer to and adopt the opinion of Judge Cooper, as chancellor, 2 Tenn. Ch., p. 488, where the question is fully discussed and authorities cited.

The decree will be affirmed with costs.