SERVICE INVESTMENT COMPANY, Appellant, vs. DORST, imp., Respondent.

*October 10—November 7, 1939.*

For the appellant there was a brief by *Shea & Hoyt,* attorneys, and *S. R. Stroud* of counsel, all of Milwaukee, and oral argument by *Mr. Stroud.*

For the respondent there was a brief by *Wright & Mayer* of Milwaukee, and oral argument by *Albert A. Mayer.*

FRITZ, J.   Sec. 75.62 (1), Stats., reads as follows:

"75.62   *Tax sales; actions to set aside.*   (1) *Conditional payment.*   Whenever any action or special proceeding is hereafter commenced to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax certificate or tax deed, or to set aside any tax, for any error or defect going to the validity of the assessment and affecting the groundwork of such tax, within twenty days after the commencement of such action the plaintiff in such action, or special proceeding shall pay or cause to be paid to the county, town, city, or village officer entitled to receive the same, the amount of taxes, interest, and charges levied against the said lands involved in such action, as a condition of maintaining said action."

The plaintiff contends that the requirement under that statute in respect to payment of taxes and charges within twenty days after the commencement of an action, as a condition of maintaining it, is not applicable in an action to enjoin the issuance of a tax deed unless that relief is sought for an error or defect going to the validity of the assessment and affecting the groundwork of the tax.   Whether the statute is applicable in this case in which the plaintiff does not rely for relief upon any such error or defect depends upon whether the clause in respect to such error or defect modifies or is applicable to, as Dorst contends, solely the immediate antecedent clause, viz., "to set aside any tax," or whether it is likewise in modification of and applicable to the clause "to restrain the issuing of any tax certificate or tax deed,"

as well as the other clauses immediately preceding. Although as a general rule of construction a modifying clause is considered ordinarily to be confined to the last antecedent, that rule is not always applicable and may be easily rebutted where other circumstances so indicate. So in *Greenough v. Phoenix Ins. Co.* 206 Mass. 247, 251, 92 N. E. 447, the court, in holding that the final clause in a sentence modified all preceding clauses as well as the last antecedent, said—

"The general rule that a modifying clause is ordinarily to be confined to the last antecedent does not apply where a consideration of the subject matter requires a different construction. [Citing cases.] The punctuation of the paragraph . . . confirms this view, and punctuation, although often disregarded, may be resorted to when it tends to throw light upon the meaning of the language."

"When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." *Porto Rico Ry., L. & P. Co. v. Mor,* 253 U. S. 345, 348, 40 Sup. Ct. 516, 64 L. Ed. 944; *Wholesale Tobacco Dealers Bureau of Southern California v. National Candy & Tobacco Co.* 11 Cal. (2d) 634, 82 Pac. (2d) 3.

In construing sub. (1) of sec. 75.62, Stats., the presence of the comma, which is after the antecedent clause, "to set aside any tax," and which separates that clause from the clause, "for any error or defect going to the validity of the assessment and affecting the groundwork of such tax," is an indication that the modifying clause was intended to modify all the preceding clauses and not only the last antecedent one. If the modifying clause had been intended to modify only the last antecedent clause, there would have been no occasion for the comma and it would have been omitted.

Likewise, consideration of the subject matter of sec. 75.62 (1), Stats., compels the conclusion that the clause, "going to the validity of the assessment and affecting the groundwork of such tax," was intended to modify all of the previous

clauses as well as the last antecedent clause. Those clauses are not in relation to disconnected matters, but set forth chronologically the successive steps or stages at which an attack on a tax and procedure connected with assessing or enforcing the same may occur. There is no reason for separating the last clause, "or to set aside any tax," for special treatment. Each of the stages is in *pari materia* and could be and is therefore to be treated as equally affected by the modifying clause in question. Consequently, it is the evident intention that unless the ground for restraining the issuance of the tax deed goes to the validity of the assessment and affects the groundwork of the tax, the action does not come within the provision in sec. 75.62 (1), Stats., requiring payment of the tax as a condition to maintaining the action.

Moreover, it would be foreign to the purposes disclosed by subs. (2) and (3) of sec. 75.62, Stats., to require a plaintiff to pay the amount of the levied tax, etc., as a condition of maintaining the action, when his action to enjoin the issuance of a tax deed is not based on any error or defect going to the validity of the assessment and affecting the groundwork of the tax, but is based solely on the grounds that, under sec. 75.20, Stats., the issuance of a tax deed has become barred, or that the land has been redeemed. Those subsections provide:

"(2) . . . If in said action or proceeding a reassessment is ordered, the court shall, upon the completion of said reassessment made in the manner required by statute, determine the amount which, according to said reassessment, the plaintiff ought justly to have paid upon the lands involved in said action or special proceeding." and

"(3) . . . The plaintiff in such action or special proceeding shall be entitled to recover judgment for the amount, if any, he so paid in excess of the amount the court shall finally determine he ought to have paid on the lands involved in said action or proceeding, with interest from the date of such payment."

Those provisions disclose that the true purpose of requiring payment in advance is that, if there has been but an error or defect going to the validity of the assessment and affecting the groundwork of the tax, the plaintiff's money should be available so that the official treasurer can apply as much thereof as will be necessary to pay what the plaintiff ought justly to have paid, in the event that the court orders a reassessment and, upon the completion thereof, determines the amount which the plaintiff ought justly to have paid. When the ground upon which a tax or tax sale, certificate or deed is challenged is such that a reassessment can be ordered in such an action, there is occasion and reason for requiring a plaintiff to make the prescribed conditional payment to assure his ultimate payment of a reassessed amount. There is, however, no such occasion or reason for requiring a conditional payment in advance when ultimately there can be no payment whatever required and no tax lien on the land, because it is exempt, or has been redeemed from the tax in question, or the issuance of a tax deed has become barred by the statute of limitations. That is the situation herein. There can be no reassessment, because the assessment which was made was valid and final, and has never been attacked. Consequently, there is no occasion or need for any further determination as to the amount the plaintiff ought justly to have paid. Payment of the entire assessment could have been compelled on pain of losing the unredeemed land if Dorst had not slept on his rights. Thus, it is obvious that the procedure prescribed by sec. 75.62, Stats., is not workable in this case, and that the statute in all of its parts was intended to be applicable only to cases in which the action for relief is based on an error or defect going to the validity of the assessment and affecting the groundwork of the tax. When an action is not grounded on some error or defect going to the validity of an assessment, but is based on facts because of which no tax whatsoever remains payable or can become due, it would be unrea-

sonable to require a plaintiff nevertheless to pay the tax as a condition to maintaining an action. Thus, it would have been unreasonable to have required such a payment in *Trustees of Clinton Lodge v. Rock County,* 224 Wis. 168, 272 N. W. 5, in which the annulment of a tax certificate was adjudged on the ground that the property was exempt. Because the fact that it was exempt did not constitute an error or defect going to the validity of the assessment and affecting the groundwork of the tax, the action to cancel the certificate was not within sec. 75.62 (1), Stats. In *Parkes v. Milwaukee,* 148 Wis. 84, 88, 134 N. W. 152, an action was brought to cancel a special-assessment certificate on the ground that the issuance thereof was premature in that it was issued before all the work contemplated had been completed. In holding that sec. 75.62 (1), Stats., was not applicable, the court said,—

"The act does not apply to this case, because, even conceding that the assessment here was prematurely carried on to the tax roll, it cannot be said that the irregularity affected 'the groundwork of the tax.' These last-named words are quite vague and not easy of accurate definition, but they certainly do not include any such irregularity as is claimed here. They refer to some serious jurisdictional defect, not mere irregularities in the details of the proceedings after jurisdiction is properly acquired." See also *Wisconsin Real Estate Co. v. Milwaukee,* 151 Wis. 198, 138 N. W. 642.

It follows that, inasmuch as the plaintiff's grounds for seeking an injunction to the issuance of a tax deed are based solely on events which occurred subsequent to the making of the assessment, and which are not claimed to have affected the groundwork of the tax, sec. 75.62 (1), Stats., is inapplicable; and that therefore the order under review must be reversed.

*By the Court.*—Order reversed.