INGRAM *v.* CARRUTHERS.

(*Nashville,* December Term, 1951.)

Opinion filed July 11, 1952.

DeWitt, Warner & Bell, Quentin L. Housholder and Beverly Douglas, Jr., all of Nashville, for complainant.

Burt Francis, of Nashville, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

The original bill in the cause was filed to recover the sum of $459.59 alleged to be due the complainant from the defendant on open account. The defendant answered, denying the indebtedness, and pleading bankruptcy and a discharge of the debt.

A stipulation of fact was filed, the pertinent parts of which are as follows:

"1. Complainant, W. G. Ingram, is a distributor for the Gulf Refining Co. Complainant maintains both his residence and his place of business in Dickson, Dickson County, Tennessee. Defendant, Herbert Lee Carruthers, formerly operated a store and a gasoline pump at Kingston Springs in Cheatham County, Tennessee. Incidental to the operation of

this store and pump the defendant received goods and services from the complainant which have never been paid for. The defendant is indebted to the complainant in the amount of Four Hundred and Fifty Nine and 59/100 ($459.59) Dollars, unless this debt has been discharged as a result of defendant's bankruptcy.

"2. Defendant was adjudicated bankrupt and discharged as alleged in defendant's answer and listed L. E. Ingram, Dickson, Tennessee, as a creditor.

"3. Defendant, Herbert Lee Carruthers, would testify under oath that about a week before his bankruptcy petition was filed he, the defendant told complainant's truckdriver, named Charlie, that he, the defendant was going to file such petition.

"4. Complainant, W. G. Ingram, would testify under oath that he received no notice of any of the proceedings in defendant's bankruptcy and that he had no actual knowledge of such proceedings until after defendant had been discharged. Complainant was first informed of defendant's bankruptcy after the discharge by a resident of Dickson who was not in any way connected to the transactions between complainant and defendant.

"5. Complainant's witness, Hugh Reeves, would, under oath, testify as follows: The witness is and has been since before 1949 postmaster at Dickson, Dickson County, Tennessee. The witness has no personal recollection of a post card or other form of bankruptcy notice arriving at the post office in Dickson in the winter of 1949-1950 addressed to either L. E. Ingram or W. G. Ingram. If such a card did

arrive at the post office in Dickson addressed to L. E. Ingram, one of two things would have happened to it: (1) The card was held for ten days and, if not called for, destroyed, or (2) the card was given at General Delivery to one Leroy Ingram, an illiterate.''

The case was heard by the Chancellor on bill, answer and stipulation, and in his final decree, he found:

(1) That the Complainant, W. G. Ingram, was not duly scheduled in the bankruptcy proceedings of the Defendant, Herbert Lee Carruthers.

(2) That the Complainant, W. G. Ingram, received no notice and had no knowledge of said bankruptcy proceedings prior to the discharge.

(3) That, therefore, Complainant's claim is excepted from discharge under Section 17 of the National Bankruptcy Act of July 1, 1898.

Accordingly, the Chancellor entered a decree in favor of Complainant for the sum of $459.59 with interest, and from the decree, the Defendant has perfected this appeal.

Section 17 of the National Bankruptcy Act of July 1, 1898, being Chapter 541, Sec. 17, 30 Statutes, 550, 11 U. S. C. A. Sec. 35, lists debts of the bankrupt which are not affected by discharge, and among those debts not affected by discharge are:

"* * * debts * * * such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, *if known to the bankrupt,* unless such creditor had notice or actual knowledge of the proceedings in bankruptcy''. (Italics ours.)

Appellant insists that the effect of the clause, "if known to the bankrupt," relieves the bankrupt of

doing more than scheduling the name of his creditor, as he knows it. In his brief, he makes this statement (p. 6):

"Of course, in no event is the bankrupt obligated to insert the correct name of the creditor in the schedule if the name is unknown to him."

Appellant admits the novelty of this construction of Section 17 of the Bankruptcy Act, and cites no authority to support it. He does cite our case of *Eberhardt* v. *Wood*, 74 Tenn. 467, but since that case was decided in 1880, and the disputed language is part of the amendment of 1898, it can be no authority for the present case.

To accept Appellant's construction would do violence to elementary rules of grammar and punctuation. Since they are set off by commas, both the clause (1) "with the name of the creditor," and (2) "if known to the bankrupt," are parenthetical or non-restrictive clauses, since both could be omitted without changing the meaning of the main clause. Grammatically as printed, they modify not one another, but "debts not affected by discharge." It would do no violence to the meaning, in fact make it clearer, if the two clauses were inverted and the disputed language made to read:

"(3) *Have not been duly scheduled in time for proof and allowance * * * if known to the bankrupt, * * * with the name of the creditor, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."*

██ The insertion of a comma separates the modifying clause in a statute from the clause immediately preceding, and is an indication that the modifying clause was intended to modify the main clause. *Service Investment Co.* v. *Dorst*, 232 Wis. 574, 288 N. W. 169, 134 A. L. R. 539.

■■ The question whether the creditor had "notice or actual knowledge" of the bankruptcy proceeding, is one of fact, and in the present case, we are bound by the Chancellor's finding that the Complainant did not have such notice or actual knowledge, since such finding was amply supported by the stipulation.

It results that the assignments of error are overruled and the decree is in all respects, affirmed.