DITTNER and others, Appellants, v. TOWN OF SPENCER, Respondent.

*No. 194. Argued September 11, 1972.—Decided October 3, 1972.*
(Also reported in 201 N. W. 2d 45.)

708

For the appellants there was a brief by *Chambers, Nash, Pierce & Podvin* of Wisconsin Rapids and oral argument by *Lloyd L. Chambers*.

For the respondent there was a brief by *Kelley, Weber & Bolte, S.C.*, and *Richard J. Weber*, all of Wausau, and oral argument by *Richard J. Weber*.

HEFFERNAN, J. Sec. 70.27 (1), Stats., in part provides:

"The actual and necessary costs and expenses of making assessors' plats shall be paid out of the treasury of the city, village, town or county whose governing body

ordered the plat, and all or any part of such cost may be charged to the land, without inclusion of improvements, so platted in the proportion that the last assessed valuation of each parcel bears to the last assessed total valuation of all lands included in the assessor's plat, and collected as a special assessment on such land, as provided by s. 66.60.''

The parties differ in their interpretation of this statute. The property owners contend that the clause, "as provided by s. 66.60," must be interpreted to mean that the entire procedure in the determination of the assessment and the levying of the lien must be as set forth in the municipal law, special-assessment statutes. The town contends that the only procedures of sec. 66.60 that are applicable are those relating to the "collection" of special assessments. The circuit court agreed with the town.

Property owners rely upon *Service Investment Co. v. Dorst* (1939), 232 Wis. 574, 577, 288 N. W. 169, for the proposition that the presence of a comma immediately preceding the phrase, "as provided by s. 66.60," indicates a legislative intention that the modifying clause was intended to modify all the preceding clauses and not merely the immediate antecedent clause. Such rule may be appropriate where there are no other clues to the legislature's intent, but the very case property owners cite points out that the application of the rule is dependent upon the reasonableness of the interpretation in terms of the subject matter of the statute and whether the interpretation dictated by these ossified rules of construction reaches a workable result. An interpretation reached by relying upon a rule of grammatical construction cannot stand in the face of a conflict revealed in the subject matter under consideration.

The interpretation urged by the property owners would lead to a result at odds with the expressed legislative intent of sec. 70.27, Stats. The conflicts are numerous and are apparent to the careful reader. We need but

point out that sec. 70.27, without equivocation, provides that the cost of making an assessor's plat shall be paid out of the treasury of the town. There is no limitation, as there is in sec. 66.60, providing that the determination to assess specific property owners for improvements to their property must be made prior to the time that the expenses are incurred if such assessments are to be levied. Under sec. 70.27 the board may properly decide to charge the costs back to the property owners after the services are performed and paid out of the town treasury. Under sec. 66.60 a variety of costs can be charged as special assessments in connection with the work undertaken. Under sec. 70.27 only "actual" costs of preparing a plat can be charged. Moreover, sec. 70.27 prescribes a definite formula for the apportionment of costs, while sec. 66.60 permits special assessments for improvements imposed pursuant to the police power to be apportioned "upon a reasonable basis."

In view of these conflicts, and others which we find it unnecessary to mention, the legislature could not have intended that the whole of the procedures outlined in sec. 66.60, Stats., is mandatory, when under sec. 70.27 a determination is made to charge back the cost of an assessor's plat. The only reasonable interpretation is that adopted by the trial court—that only those portions of sec. 66.60 relating to the "collection" of special assessments need be followed. Although the entire panoply of procedures detailed in sec. 66.60 is not required, it should be pointed out that the procedure employed by the town gave the property owner due notice and the right to be heard prior to the determination of the assessment and the imposition of the assessment lien. The procedures employed afforded due process. The assessment was validly imposed.

The annexation to the city of Marshfield took place too late to supersede the town's jurisdiction to make the

assessment and impose the lien. Sec. 66.60 (15), Stats., relates to the "collection" of special assessments and, therefore, applies to the procedures of sec. 70.27. Sec. 66.60 (15) creates a lien on the property "from the date of the determination of such assessment by the governing body." Under this statute, the lien was effective from the time of the "determination" of the town board on June 4, 1970. The property owners argue, however, that the procedural steps taken by the town were ineffective until the final resolution was published on July 16, 1970. They rely on sec. 66.60(8) (e), which provides:

"When the final resolution is published, all work or improvements therein described and all awards, compensations and assessments arising therefrom are deemed legally authorized and made, subject to the right of appeal under sub. (12)."

We do not deem this statute controlling over the specific statute that dictates the effective date of the assessment lien. Sec. 66.60 (8) (e), Stats., merely provides that all procedural steps theretofore taken in the course of the assessment procedure are presumptively correct, subject only to the bringing of an appeal. That statute's scope does not encompass a procedure brought under sec. 70.27.

The town's lien was effective on June 4, 1970—prior to the effective date of the annexation of the property to Marshfield on June 11, 1970. Although the validity of the annexation of the property to the city of Marshfield is not questioned in these proceedings, the lien of the town is nevertheless effective and the assessments are payable under the provisions of sec. 66.03 (13) (b).

The original judgment entered by the trial court on March 31, 1971, awarded the town $1,601.31 as costs and disbursements. Apparently, costs were determined on the assumption that each of the property owners was objecting to the gross assessment of $4,500 and not just

to that portion assessed against his own property. Upon objection made by the property owners, the portion of the judgment assessing costs was reopened and the costs were reduced to $501.31. For such sum, the owners of each of the parcels of property were made jointly and severally liable to the town of Spencer.

There was error in the awarding of costs. The costs should have been assessed separately against each of the appellants and computed on the basis of the individual assessment in question. *B. F. Goodrich Co. v. Wisconsin Auto Sales, Inc.* (1949), 256 Wis. 11, 17, 39 N. W. 2d 678. Inasmuch as portions of the record relating to the individual assessments are conflicting, this court is unable to compute the costs properly assessable in the circuit court. Revision of the judgment for costs can only be made by the circuit court.

*By the Court.*—That part of the judgment sustaining the assessment of the town of Spencer is affirmed; that part of the judgment awarding costs to the town is vacated; and the cause is remanded for the assessment of costs not inconsistent with this opinion.