DAVID T. PROSSER, JR., District Attorney Outagamie County
Your predecessor, Mr. Kenneth F. Rottier, requested my opinion regarding the proper interpretation of sec. 346.93, Stats.:
 "346.93 Intoxicants in vehicle carrying minor. No person under the age of 18 years, unless he is a parent, guardian or spouse of the minor, may knowingly possess, transport or have under his control any intoxicating liquor in any motor vehicle, or knowingly possess, transport or have under his control any malt beverage in any motor vehicle while any person under 18 years of age is a passenger or present in such motor vehicle unless such person is employed by a liquor licensee, wholesaler, retailer, distributor, manufacturer or rectifier and is possessing, transporting or having such beverage in a motor vehicle under his control during the regular working hours and in the course of his employment."
He stated that there are two different interpretations that have been accorded the statute. It was his view that the statute means "a minor is proscribed from possessing, transporting or controlling intoxicating liquor or beer in a motor vehicle whileanother person, who is also a minor, is present in that motor vehicle." (emphasis yours.) He described the opposing view as follows:
 "Other municipalities in this county, however, interpret the statute to mean that a juvenile who possesses, transports, or controls intoxicating liquor or beer in a motor vehicle may be *Page 216 
the same person as the `person under 18 years of age (who) is a passenger or present in such motor vehicle.' In other words, even a juvenile driver alone in a motor vehicle is considered to be guilty of this offense."
I believe that your predecessor was correct in concluding that the person violating the statute and the "person under 18 years of age [who] is a passenger or present in [the] motor vehicle" must be two different individuals. I reach that conclusion by the application of the fundamental canon of statutory construction that "[i]n construing a statute we attempt to find the common sense meaning and purpose of the words employed." State ex rel.Lynch v. Conta, 71 Wis.2d 662, 677, 239 N.W.2d 313 (1976). As the Wisconsin Supreme Court has stated,'" [t]he plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow, or hidden sense.'" A. O. Smith Corp. v.Department of Revenue, 43 Wis.2d 420, 429, 168 N.W.2d 887 (1969), quoting from State Bank of Drummond v. Nuesse, 13 Wis.2d 74, 78,108 N.W.2d 283 (1961). A "common sense" reading of sec. 346.93 as a whole can only lead to the conclusion that the person violating the statute and the "person under 18 years of age [who] is a passenger or present in [the] motor vehicle" must be two separate individuals. In particular, the language creating an exception to liability, viz., "unless he is a parent, guardian or spouse of the minor," leaves no doubt that is what the Legislature contemplated. To impute to the legislature an intent to permit conviction on the theory that the violator and the passenger could be one and the same person would require a most curious reading of the statute indeed.
Your predecessor indicated in his letter "that the differing interpretations have arisen from the revision of the statute" contained in ch. 213, Laws of 1971, which lowered the age of a potential violator of sec. 346.93 from "under the age of 21 years" to "under the age of 18 years." That change in the statute was part of a general revision of the Wisconsin Statutes which lowered the age of majority from 21 to 18. While there might be some question whether sec. 346.93 was appropriately included in that general revision of the statutes, there can be no doubt that the purpose of the Legislature in making that change was simply to reduce the age of a potential violator from 21 to 18 years. That amendment provides no grounds for concluding that the Legislature intended any change in what I perceive to be the clear and obvious meaning of the statute, both *Page 217 
before and after its amendment, namely, that the violator of the statute and the "person under the age of 18 years [who] is a passenger or present in [the] motor vehicle' must be two separate and distinct individuals.
While I have little difficulty in concluding that your predecessor was correct in rejecting the view that the violator of the statute and the "person under the age of 18 years [who] is a passenger or present in [the] motor vehicle" may be one and the same individual, I find more troublesome another issue which must be resolved in determining the proper interpretation of sec.346.93 — namely, whether the phrase "while any person under 18 years of age is a passenger or present in [the] motor vehicle" relates both to the prohibition in the statute regarding intoxicating liquor and to the prohibition regarding malt beverages, or only to the latter prohibition. For the reasons that follow, I conclude that such phrase relates only to the prohibition regarding malt beverages.
First, it is a rule of statutory construction "that qualifying or limiting words or clauses in a statute are to be referred to the next preceding antecedent, unless the context or the evident meaning of the enactment requires a different construction."Jorgenson v. Superior, 111 Wis. 561, 566, 87 N.W. 565 (1901);accord, Fuller v. Spieker, 265 Wis. 601, 605, 62 N.W.2d 713
(1954). Application of that rule here results in the conclusion that the words, "while any person, etc.," relate only to the immediately preceding prohibition on the possession of malt beverages.
Second, it is also a rule of statutory construction "that a law should be so construed that no word or clause shall be rendered surplusage." Mulvaney v. Tri State Truck and Auto Body, Inc.,70 Wis.2d 760, 764, 235 N.W.2d 460 (1975). If the phrase, "while any person, etc.," were deemed to relate to both the prohibition regarding intoxicating liquor and the prohibition regarding malt beverages, the repeated words, "knowingly possess, transport or have under his control . . . in any motor vehicle," would serve no purpose. They would simply constitute repetitious surplusage. Consequently, such a reading of the statute should be avoided.
Third, while the punctuation of a statute is not entitled to a great deal of weight in determining legislative intent, Morrillv. The State, 38 Wis. 428, 434 (1875), the Supreme Court has on occasion looked to the punctuation of a statute in determining to which of the *Page 218 
preceding matter a modifying clause relates. See, e.g., ServiceInvestment Co. v. Dorst, 232 Wis. 574, 577, 288 N.W. 169 (1939);Drinkwater v. State, 69 Wis.2d 60, 72-74, 230 N.W.2d 126 (1975). Here, the insertion of a comma after the first "motor vehicle," and the omission of any comma between the second "motor vehicle" and the word "while," is clearly indicative of an intent that the phrase, "while any person, etc.," should modify only the prohibition relating to malt beverages. Cf. Service InvestmentCo. v. Dorst, supra, 232 Wis. at 577.
Fourth, the conclusion that the phrase, "while any person, etc.," relates solely to the prohibition regarding malt beverages is also supported by the legislative history of sec. 346.93, Stats. That section was originally created by ch. 674, sec. 36, Laws of 1957. A note to that legislation found in the files of the Legislative Reference Bureau reveals that sec. 346.93 was created in order to "incorporate into the vehicle code a part of s. 85.08(24)(c), created by ch. 390, laws of 1957."
Chapter 390, Laws of 1957, as originally introduced, read, in relevant part, as follows: "No person under the age of 21 years may knowingly possess, transport or have under his control in any motor vehicle any alcoholic liquor or fermented malt beverage."
A substitute amendment to that legislation was introduced, which provided, in relevant part, as follows:
 "No person under the age of 21 years may knowingly possess, transport or have under his control any intoxicating liquor in any motor vehicle, or knowingly possess, transport or have under his control any malt beverage in any motor vehicle while any person under 18 years of age is a passenger or present in such motor vehicle . . . ."
That substitute amendment, further amended by the addition of the clause, "unless he is a parent, guardian or spouse of the minor," was ultimately passed by the Legislature as ch. 390, Laws of 1957. The statutory provision created by ch. 390, Laws of 1957, was identical to present sec. 346.93 with the exception of the recent change in the first line from "21" to "18" years, discussed above.
Thus, the history of sec. 346.93 reveals that the Legislature moved from the absolute ban contained in the initial draft of the legislation on a minor's possession of either alcoholic liquor or malt beverages in *Page 219 
a motor vehicle to the ban, contained in the final enactment, on the possession of alcoholic liquor whether or not there was a person under 18 in the car, but on the possession of malt beverages only when a person under 18 was a passenger in the vehicle. That history leaves little doubt that the Legislature intended the phrase, "while any person under 18 years of age is a passenger or present in [the] motor vehicle," to relate only to the prohibition against possession of malt beverages.
In summary, then, sec. 346.93 contains two prohibitions: first, an absolute ban on a minor's possession of intoxicating liquor in a motor vehicle; second, a ban on a minor's possession of any malt beverage in a motor vehicle while any person under 18 years of age is a passenger or present in such motor vehicle. In order for a violation of that second prohibition to occur, a person under the age of 18 years in addition to the violator of thestatute must be present in the vehicle.
BCL:DJB