**STATE of Tennessee, Appellee,**

v.

**John Haygood CURTIS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

June 24, 1987.

Petition to Appeal Denied by Supreme Court Oct. 5, 1987.

W.J. Michael Cody, Atty. Gen. & Reporter, Ann Lacy Johns, Asst. Atty. Gen., Nashville, Lyman Ingram, Asst. Dist. Atty., Dyersburg, for appellee.

Mark W. Fowler, Union City, for appellant.

## OPINION

O'BRIEN, Judge.

John Haygood Curtis was indicted by the Lake County Grand Jury on two charges of armed robbery, and as an habitual criminal. There were two co-indictees whose cases are not involved on this appeal. Defendant came to trial on 31 July 1985 and was acquitted on the habitual criminal count of the indictment. He was convicted of the two armed robbery charges and has appealed.

Three issues are presented for review. Error is charged, (1) in denial of a motion to suppress identification procedures which defendant says were so suggestive as to give rise to a substantial likelihood of irreparable mis-identification; (2) on the sufficiency of the evidence to warrant the verdict of the jury; and (3) sentencing error by the trial court in finding defendant to be a Range II persistent and especially aggravated offender.

We look first to the identification issue. A vigorous argument is made on behalf of defendant inviting a comparison of the facts in this case with those involved in *Sloan v. State*, 584 S.W.2d 461 (Tenn.Cr. App.1978), which does, as defendant's brief notes, embrace the teaching and rationale of *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972) and *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). We have examined the facts in *Sloan* in conjunction with our review of the pretrial identification procedure in this case and do not find the similarity suggested in defendant's brief.

■ At the conclusion of a hearing on the motion to suppress the identification evidence the trial judge made a finding of fact in which he reviewed the evidence at the hearing and held that the issue before the court was whether the pretrial photographic identification procedure utilized was impermissibly suggestive. He found there was no proof produced at the hearing which would require suppression of the identification evidence by the court. We concur in that finding. There was a series of twelve photographs displayed to each of the two robbery victims. One photo of the defendant is a type commonly referred to in police parlance as a "mug shot". Another was a photograph of the defendant in a casual pose. There were also two pictures of a co-defendant among the grouping. There was no evidence to indicate that the witnesses knew anything about the progress of the investigation or that the police in any way suggested which persons in the pictures were under suspicion. See *Simmons v. United States*, supra. The victim witnesses were intensely cross-examined and were firm in their identification. One of these, Mrs. Connell, had no opportunity to view the defendant at the time of the robbery and only identified the other robber present. Mr. Connell identified both of them. In *Stovall v. Denno*, supra, the court held inter alia, that "a claimed violation of due process of law in

the conduct of a confrontation depends on the totality of the circumstances surrounding it." *Stovall* was followed by *Simmons*, supra, in which the court made clear that convictions based on eyewitness identification at trial, following a pretrial identification by photograph, will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable mis-identification. We find nothing suggestive about the identification procedure.

■ Defendant's complaint relative to the sufficiency of the evidence must also be overruled. In addition to the eyewitness identification at trial by the victims, other witnesses placed Curtis and his co-defendant in Lake County prior to the robbery and at an Am–Vets club in the vicinity of the crime scene about an hour before the robbery occurred. When he was apprehended defendant admitted having been in Lake County on the day prior to the robbery but endeavored to establish an alibi for the time of the robbery. He denied ever having been in the veteran's club. The credibility of the witnesses, the weight and value of their testimony, the inferences to be drawn from their statements, and all factual issues raised by the testimony and evidence introduced, direct and circumstantial, are matters entrusted to the jury as the triers of fact. See *Braziel v. State*, 529 S.W.2d 501, 505 (Tenn.Cr.App.1975). A jury verdict approved by the trial judge accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the State. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978). Such a verdict removes the presumption of innocence of an accused which stands as a witness for him until he is convicted, and raises a presumption of his guilt. He has the burden upon appeal of showing that the evidence preponderates against the verdict and in favor of his innocence. See *Bailey v. State*, 479 S.W.2d 829, 831 (Tenn.Cr.App. 1972). The evidence in this case was sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,*

443 U.S. 307, 99 S.Ct. 2781, 2782, 61 L.Ed. 2d 560 (1979); T.R.A.P. 13(e).

■ The sentencing issue requires us to conduct a de novo review on the *record* without indulging any presumption that the determinations made by the trial court are correct. T.C.A. § 40–35–402(b). The defendant asserts that the court erred in finding him to be an especially aggravated offender because neither death nor serious bodily injury was inflicted on either of the victims.

The trial judge found the defendant to be an especially aggravated offender under T.C.A. § 40–35–107(4), which provides that an especially aggravated offense includes "a felony committed while on escape status or while incarcerated on a felony if the felony committed results in death or bodily injury to another person."

The defendant reasons that the final qualifying clause requiring proof of death or bodily injury applies both to a felony committed while on escape and to one committed while incarcerated. The State disagrees, arguing that the lack of a comma before the qualifying phrase makes it applicable only to the antecedent immediately preceding it, as held in *Ingram v. Carruthers,* 194 Tenn. 290, 294, 250 S.W.2d 537 (1952).

■ We conclude that the qualifying clause modifies both antecedents, because it refers directly to and reiterates the term "felony committed," which term precedes and obviously refers to both types of felonies. The legislative intent seems apparent by examination of Ch. 406, Sec. 2, Public Acts of 1983 in which the present subsection (4) of T.C.A. § 40–35–107 was substituted for the then existing subsection. The amendment merely added the term "escape status" to the statute and did not alter its meaning. In reaching this determination, we are not unmindful of the opinion in *State v. Short,* 698 S.W.2d 81, 84 (Tenn.Cr. App.1985), which at first reading would appear to apply a contrary interpretation of T.C.A. § 40–35–107(4). In *Short,* however, the issue of the defendant's status as an aggravated offender under § 40–35–107(4) was apparently raised *sua sponte* by the

court, and it is not clear from the statement of fact contained in the opinion whether or not bodily injury was actually inflicted on the victims. Here, there is no such ambiguity, and we therefore conclude that the defendant was not shown to be an especially aggravated offender under § 40–35–107(4). The judgment of the trial court will be modified to delete the finding of the defendant's status as an aggravated offender. This modification will not affect the defendant's status as a Range II offender, but it will affect the calculation of his parole eligibility date. See T.C.A. § 40–35–501(d) and (e).

■ The State has filed a cross-appeal insisting that the court should have imposed consecutive sentences. See T.C.A. § 40–35–403(3). The trial judge fixed the sentences in each case to be served concurrently with each other and with "all other present sentences." The State would have us fix defendant's sentences to be served consecutively to each other, and to all other unexpired sentences. We note first of all that Tenn.R.Crim.P. 32(c)(3)(B) requires a mandatory consecutive sentence for a felony committed while on escape. The defendant was in escape status at the time of the commission of this offense. Therefore the sentences in this case must be modified to be served consecutively to the sentence for the offense adjudicated prior to defendant's escape. The trial court was explicit in his reason for fixing concurrent sentences for the conviction offenses. His reasoning was sound and we find no abuse of discretion in ordering concurrent sentences in this case. The State would have us rule that it was the intent of the Legislature in the enactment of Chapter 5, Sec. 31 of the Public Acts of 1985, 1st E.S. (T.C.A. § 40–35–402(d)) to apply the sentencing review procedure set out in that enactment to State appeals as well as appeals by the defendant. This we decline to do.

The sentence assessed by the trial judge is modified to fix the sentences at fifty-five (55) years on each of the conviction offenses to be served concurrently with each other and consecutively to the sentence for the felony committed by defendant from

which he had escaped. The sentence is further modified to set defendant's release eligibility status at thirty-five percent (35%) of the actual sentence imposed. The sentences as modified are affirmed.

DAUGHTREY and BYERS, JJ., concur.