FRED A. RISSER, Chairperson Senate Organization Committee
The Committee on Senate Organization has asked for an interpretation of section 157.06(7m), Stats., regarding persons authorized to perform eye enucleation. The statute reads:
 REMOVAL OF EYES BY FUNERAL DIRECTORS AND PERSONS ACTING UNDER DIRECTION OF PHYSICIAN. In addition to any physician licensed to practice medicine and surgery under ch. 448, any person acting under the direction of a physician or any funeral director licensed under ch. 445, who has completed a course in eye enucleation and holds a valid certificate of competence from a medical college approved by the medical examining board under s. 448.05(2), may enucleate the eyes of a deceased donor under this section. A certificate of competence shall be valid for 3 years. No licensed funeral director so certified and no funeral establishment with which such a funeral director is affiliated shall be liable for damages resulting from such enucleation.
The issue presented is whether the course training and certification requirement applies to both persons acting under the direction of a physician and any funeral director or whether it applies only to funeral directors. It is my opinion it applies to both.
The supreme court has stated that in statutes involving qualifying clauses it is appropriate to look to punctuation as an indication of legislative intent. Service Investment Co. v.Dorst, 232 Wis. 574, 288 N.W. 169 (1939). In Dorst, the court gave significance to punctuation similar to that involved here. The court said that the placement of a comma between the last antecedent and the modifying clause indicated "that the modifying clause was intended to modify all the preceding clauses and not only the last antecedent one. If the modifying clause had been intended to modify only the last antecedent clause, there would have been no occasion for the comma and it would have been omitted." Dorst, 232 Wis. at 577. *Page 208 
Applying this approach to section 157.06(7m), the comma after "ch. 445" would set up the qualifying clause "who has completed a course," etc., to apply back to the entire antecedent clause "any person acting under the direction of a physician or any funeral director licensed under ch. 445." Thus, the course training and certification requirement would apply to persons acting under the direction of a physician as well as to funeral directors.
The supreme court has also said that interpretations reached by relying upon a rule of grammatical construction must be reasonable and not obviously in conflict with indications to the contrary. Dittner v. Town of Spencer, 55 Wis.2d 707, 711,201 N.W.2d 45 (1972). In this regard, I was initially troubled by the last sentence of section 157.06(7m) which accords immunity from liability to "funeral directors so certified." In the absence of a corresponding immunity to persons "acting under the direction of a physician," the lack of symmetry could suggest that those acting under the direction of a physician are not intended to be certified (i.e., trained additionally) in the first place. The drafting file in the Legislative Reference Bureau shows that in fact there is symmetry. A letter from the funeral directors association to the bill's sponsor states that the bill should give immunity to funeral directors because those acting under the direction of a physician already have immunity by virtue of section 146.31(3). A look at section 146.31(3) confirms this is true.
This information, along with other information in the Legislative Reference Bureau file, may further be used as indications of legislative intent, if one assumes that the statute itself is ambiguous. In re Estate of Haese,80 Wis.2d 285, 296, 259 N.W.2d 54 (1977).
The initial "Drafting Request" in the Legislative Reference Bureau file appears primarily interested in enabling morticians to perform enucleation, and it calls for "some training requirement." The end of the request contains the instruction "[i]n addition mortician, also same provision for hospital trained surgical technician." The introduced bill by its terms clearly required enucleation training for both "embalmers" and "surgical technicians." 1977 Assembly Bill 197. The Legislative Reference Bureau analysis states that the course requirement applies to both. The bill was modified to replace "surgical technicians" with persons "acting under the direction of a physician." The reason for broadening the authorization from "surgical technicians" to any person "acting under the direction of *Page 209 
a physician" is not clear, but there is no indication of any intent to curtail the training requirement to apply only to embalmers.
It is my opinion that the information available in the Legislative Reference Bureau file supports the grammatical construction indicating that the Legislature intended the course training and certification requirement to apply to persons acting under the direction of physicians as well as to funeral directors.
DJH:RWL *Page 210